State ex rel. Edmisten v. Challenge, Inc.

---

STATE OF NORTH CAROLINA EX REL. RUFUS L. EDMISTEN, ATTORNEY GEN-
ERAL v. CHALLENGE, INC., EDWARD G. RECTOR, DOUGLAS L. BEEK-
MAN, CAROL A. RECTOR, ALLEN K. OAKS, AND RICHARD MAILMAN

No. 8310SC1121

(Filed 4 December 1984)

1. **Rules of Civil Procedure § 56.5— plaintiff's motion to set forth uncontroverted facts—defendant required to provide information on each contested matter—no error**

    Where a case came before the trial judge for the first time on plaintiff's Rule 56(d) motion to set forth uncontroverted facts and the record before the trial court was voluminous, containing many affidavits, depositions, transcriptions of tape recorded conversations, and lengthy and detailed motions, among other items, the court did not err by continuing the hearing and ordering defendants to provide the court information as to which portions of each matter defendants contended were contested. The order did not shift the burden of proof or require additional evidence; it merely required that defendants explain how each matter they contended was in controversy was disputed.

2. **Rules of Civil Procedure § 56.5— Rule 56(d) motion—more specific response ordered—no error**

    The court did not improperly reverse its ruling on plaintiff's Rule 56(d) motion to state uncontroverted facts where the court found that it was not practical at that time to ascertain which material facts were in controversy, ordered defendants to provide more information on the specific matters they

contended were in controversy, and granted the motion after defendants' response.

**3. Rules of Civil Procedure § 56.5— Rule 56(d) motion to state uncontroverted facts granted—evidence sufficient**

Where the trial court granted summary judgment against defendants on the basis of issues of fact found by the court to be uncontested pursuant to Rule 56(d), the evidence was sufficient to support the court's ruling on plaintiff's motion to state uncontroverted facts where defendants responded to plaintiff's motion in several instances by merely asserting in a broadside manner that the matter was controverted, and in other instances merely asserted additional facts or objected to certain facts based on credibility and the subjective feelings of the witnesses asserting the facts. Moreover, any error as to whether a material fact was in controversy would be harmless since the trial court's findings contain several bases for the conclusion it reached.

APPEAL by defendants from Order of *Farmer, Judge*, dated 13 May 1982 granting plaintiff's motion to set forth matters of uncontested facts pursuant to N.C. Gen. Stat. Sec. 1A-1, Rule 56(d) (1983) and from judgment of *Bowen, Judge*, dated 9 June 1983 in favor of plaintiff. The Order and Judgment appealed from were rendered in Superior Court, WAKE County. Heard in the Court of Appeals 24 August 1984.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, Assistant Attorney General Alan S. Hirsch, and Assistant Attorney General Philip A. Telfer, for the State.*

*Purser, Cheshire, Manning & Parker, by Thomas C. Manning and Barbara A. Smith, for defendant appellants.*

EAGLES, Judge.

On the basis of the pleadings and issues of fact found by the Court to be uncontested pursuant to Rule 56(d) of the North Carolina Rules of Civil Procedure, the trial court granted summary judgment against the defendants, finding them in violation of N.C. Gen. Stat. Sec. 14-291.2 (1981) (prohibiting pyramid or chain schemes), and N.C. Gen. Stat. Sec. 75-1.1 (prohibiting unfair and deceptive trade practices). By judgment entered 9 June 1983, the defendants, Challenge, Inc. (Challenge) and certain individuals, all officers, directors or employees of the corporate defendant, were permanently enjoined from operating their business in North Car-

olina, and monetary damages were assessed against them. Defendants appeal.

I

Challenge is a Nevada corporation registered to do business in North Carolina, as well as in approximately twenty other states. Challenge is in the business of selling self-development motivational seminars. More specifically, the motivational course sold by Challenge is given in the form of four different seminars, known collectively as the "Adventure" Series, but which can be purchased separately.

An individual interested in becoming a sales representative or Independent Sales Agent (ISA) for Challenge generally attends an introductory meeting known as the "Shooting Star" Seminar, where he is told about the Challenge marketing program and about the Challenge Adventure series. If an individual decides that he or she wishes to become an ISA, that person must meet certain training requirements: (1) sell courses of a total value of $5,000; (2) attend a salesperson workshop (different from the introductory meeting); and (3) pre-screen two other individuals who may be interested in selling the Challenge courses. The sales trainee receives a 20% commission on his own sales, and the ISA who sponsors the sales trainee receives a 30% commission on the trainee's sales. A sales trainee may purchase courses himself to meet his sales requirements, but he is not required to do so. Although the participants expressed various motives for doing so, the vast majority of sales trainees met their sales requirement by purchasing the Adventure Series for themselves or their family. Moreover, the trial court ultimately found as an uncontested fact that participants in defendants' program in North Carolina sold $808,200 worth of courses by selling the seminar to themselves, and only $4,700 worth of courses to persons not involved in defendants' sales program.

Following the complaint filed by the Attorney General in this matter on 4 September 1980 and the answer filed by defendants on 1 October 1980, extensive discovery ensued. Following discovery, Superior Court Judge Herring, on 9 December 1981, denied plaintiff's motion for partial summary judgment on the issue of liability for operating a pyramid scheme in violation of G.S. Sec. 14-291.2 (1981) and for engaging in unfair and deceptive trade

practices in violation of G.S. Sec. 75-1.1 (1981), and further denied "plaintiff's motion under Rule 56(d) . . . specifically finding [that it was] not practicable to ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. However, such denial is without prejudice as to any potential future motion by said plaintiff under Rule 56(d)."

On 18 December 1981, plaintiff filed a written motion to set forth matters of uncontested fact pursuant to Rule 56(d). In the motion, plaintiff set out thirty-three separate material facts which it believed were uncontroverted. At the hearing on the motion, the defendants stipulated that twelve of these facts were not in controversy, but asserted, without providing specifics, that the remaining twenty-one facts were disputed. Superior Court Judge Farmer, following the hearing, found that the plaintiff, in setting out facts alleged to be uncontested, had "assumed facts not in evidence and incorporated them with facts in evidence." He further found and concluded that "it [was] not practicable to ascertain what material facts exist without substantial controversy and what material facts [were] actually and in good faith controverted." Judge Farmer did not deny the plaintiff's motion outright; rather, he ordered the defendant to provide to the court, within a specified time, information as to which portions of each matter defendant contended were controverted. Thereafter, he continued the hearing. Approximately five weeks later, defendants filed the requested information while simultaneously noting, for the first time, their objection to the trial court's order. The defendants' response did not contain any new evidence; rather, it consisted of defendants' argument regarding each of the allegedly controverted matters along with citations to the portions of the court file which purportedly supported their arguments.

On 13 May 1982, Judge Farmer, after making the requisite findings, ordered that all statements of fact listed in plaintiff's motion under Rule 56(d) be deemed established for purposes of trial.

From Judge Farmer's 9 June 1983 order finding defendants in violation of G.S. Sec. 14-291.2 (1981) and G.S. Sec. 75-1.1 (1981), defendants appeal. They contend that the trial court erred (1) in ordering the defendants to file documents with and provide infor-

mation to the court showing what facts were in good faith controverted because this impermissibly shifted the burden of proof from the State to the defendant; and (2) in finding that each of the matters set forth in plaintiff's motion to set forth matters of uncontested fact was fully supported by the evidence and not in controversy. We disagree.

## II

[1]  The burden of proof under G.S. Sec. 1A-1, Rule 56 (1983) is on the moving party. The trial court specifically found, initially, that the plaintiff had, in its motion, assumed facts not in evidence and had further found that the evidence was insufficient to establish the non-existence of genuine controversy. Defendants therefore first argue that the trial court's action in granting the plaintiff's motion under Rule 56(d) was irreconcilably inconsistent with the court's previous finding and constituted reversible error, especially since the court received no further evidence from the movant.

We disagree with the defendants' assumption that "[t]he court apparently made this ruling because it did not feel the defendants had produced adequate evidence of controversy . . . [and] improperly shifted the burden of proof to the defendants." As stated by the plaintiff, the trial judge has a specific duty under Rule 56(d):

> [T]he court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.

The record in this case was voluminous, containing many affidavits and depositions, transcriptions of tape recorded conversations, and several lengthy and detailed motions, among other items. The hearing on the plaintiff's 18 December 1981 motion was Judge Farmer's first contact with the case, and, in order to perform his duty under Rule 56(d), Judge Farmer asked the defendants to "come forth and provide the court information as to which portion of each matter is in good faith controverted as opposed to a broad statement that the entire matter is controverted." In our view, Judge Farmer's order does not require the defendants to assume a burden of proof; it does not require

them to produce additional evidence. It merely orders them, pursuant to Rule 56(d), to explain by argument and reference to the record, how each matter they claim was in controversy was disputed. Defendants cite no cases in support of their contention that the trial court erred when he merely gave them an additional opportunity to further argue their case before making a final ruling.

Considering the above, and considering further that the State satisfied its burden with many citations to the record supporting its Rule 56(d) motion, we find no merit in this assignment of error.

## III

[2] In their second assignment of error, defendants assert two claims. First, they argue that the trial court found that it could not ascertain what material facts were in controversy, yet, without receiving new evidence, improperly reversed its ruling. Second, they argue that the evidence was not sufficient to support the judge's ruling.

Considering our analysis in Part II, *supra*, we summarily reject defendants' assertion that the trial court reversed its ruling. The trial judge specifically stated that he could not determine "at this time" which facts were contested and which were not. In effect, he issued an interim order and asked defendants to provide a more specific response. Having considered the defendants' response during a period that exceeded two months, the trial court then made its final ruling. We are unable, as defendants would apparently have us do, to transform the judge's initial comments that it was not practical *at that time* to ascertain which material facts were in controversy into a ruling that it was not practical to do so at all. In any event, when a motion is still pending before a judge, he should be able to reconsider the motion based on a more complete review of the record and not be bound by his preliminary determination.

[3] We also reject defendants' argument that the evidence was not sufficient to support the trial judge's ruling. The plaintiff, in an addendum to their brief, has compared each fact which the State argued was uncontroverted with the defendants' response disputing those facts and has further analyzed the facts and responses to persuasively demonstrate that the trial court was

correct. Having reviewed the addendum and the record, we conclude that in several instances the defendants made no response at all, but merely asserted, in a broadside manner, that the matter was controverted. In other instances, the defendants, without responding directly to the material facts said to be disputed in the State's Rule 56(d) motion, merely asserted additional facts or objected to certain facts based on credibility and the subjective feelings of the witnesses asserting the facts.

Moreover, any error as to whether a material fact was in controversy would be harmless in this case since the trial court's findings contain several bases for the conclusion it reached.

In this case, we find no error, and we

Affirm.

Judges HILL and BRASWELL concur.