STATE OF NORTH CAROLINA v. DAVID JAMES MESSER

COA00-228

(Filed 20 March 2001)

**Sentencing— structured—extraordinary mitigation—no deviation from the range specified for the class of offense and prior record level**

The trial court did not err at a sentencing hearing where defendant pleaded guilty as an habitual felon to the charge of felony possession of marijuana when the trial court determined that it lacked the authority to use extraordinary mitigation to deviate from the applicable structured sentencing ranges for a defendant convicted of a Class C felony with a prior record level IV, because: (1) N.C.G.S. § 15A-1340.13(b) provides that the trial court can only deviate from the range specified for the class of offense and prior record level where there is an applicable statute that authorizes such deviation, and there is no such statute for this case; (2) N.C.G.S. § 15A-1340.13(e) provides that deviations for aggravated or mitigated punishment are allowed only in the ranges of minimum and maximum sentences of imprisonment; (3) defendant is precluded from benefitting from extraordinary mitigation under N.C.G.S. § 15A-1340.13(h)(3) when the statute prohibits its use by a defendant who has five or more prior record level points, and defendant in this case stipulated to eleven prior record level points; and (4) N.C.G.S. § 15A-1340.13(g) does not allow a trial court to impose a shorter minimum term of imprisonment than that which is required for the class of offense and prior record level at issue based on a finding of extraordinary mitigation.

Appeal by defendant from judgment and commitment entered 10 February 1999 by Judge Timothy L. Patti in Buncombe County Superior Court. Heard in the Court of Appeals 26 January 2001.

STATE v. MESSER

[142 N.C. App. 515 (2001)]

*Attorney General Michael F. Easley, by Assistant Attorney General Stewart L. Johnson, for the State.*

*Belser & Parke, P.A., by David G. Belser, for defendant-appellant.*

CAMPBELL, Judge.

On 10 February 1999, defendant entered a plea of guilty to the charge of felony possession of marijuana. Defendant also pleaded guilty to being an habitual felon. Defendant appeals the judgment and commitment entered pursuant to his guilty pleas. Defendant contends the trial court erred in its determination that it did not have discretion to deviate from the applicable structured sentencing ranges for a defendant convicted of a Class C felony with a prior record level IV. We hold that the trial court did not err.

Because the only assignment of error brought forward by defendant is directed at sentencing, we need not recite the circumstances surrounding defendant's arrest. The pertinent facts and procedural history are as follows: On 10 February 1999, defendant pleaded guilty as an habitual felon to the charge of felony possession of marijuana, and a sentencing hearing was held. Defendant stipulated to eleven prior record points, which placed him in prior record level IV. Following the presentation of evidence at the sentencing hearing, the trial court found the existence of two statutorily enumerated mitigating factors, as well as five additional factors in mitigation. The trial court determined that these mitigating factors outweighed the lack of factors in aggravation, and that a sentence in the mitigated range was justified. The trial court also found the existence of extraordinary mitigation, but determined it lacked the authority (which it indicated it would have exercised, if available) to use extraordinary mitigation to deviate from the applicable structured sentencing ranges for a defendant convicted of a Class C felony with a prior record level IV. The trial court imposed a minimum sentence of 80 months and a maximum sentence of 105 months, within the mitigated range for sentencing a Class C felon with a prior record level IV.

Defendant's sole assignment of error is that the trial court erred in determining it lacked the authority to use extraordinary mitigation to deviate from the applicable structured sentencing ranges for a defendant convicted of a Class C felony with a prior record level IV. We disagree.

The Structured Sentencing Act (Act), under which defendant was sentenced, states that "[t]he sentence shall contain a sentence disposition specified for the class of offense and prior record level, and its minimum term of imprisonment *shall* be within the range specified for the class of offense and prior record level, unless applicable statutes require or authorize another minimum sentence of imprisonment." N.C. Gen. Stat. § 15A-1340.13(b) (1999) (emphasis added). Further, N.C. Gen. Stat. § 15A-1340.13(e) states that "[d]eviations for aggravated or mitigated punishment are allowed *only* in the ranges of minimum and maximum sentences of imprisonment . . . ." N.C. Gen. Stat. § 15A-1340.13(e) (1999) (emphasis added). This appeal requires interpretation of these two provisions of the Act.

The foregoing provisions make it clear that in determining the minimum term of imprisonment the trial court can only deviate from the range specified for the class of offense and prior record level where there is an applicable statute that authorizes such deviation. In the case *sub judice*, the defendant has failed to bring to the Court's attention any authority that would authorize the deviation defendant is seeking. In fact, there is no statute that authorizes such a deviation. Further, although the trial court is authorized to deviate from the presumptive sentence ranges upon a finding of mitigation, such deviation must stay within the ranges of punishment prescribed by the Act.

Defendant contends that a trial court's finding of extraordinary mitigation gives it discretion under N.C. Gen. Stat. § 15A-1340.13(g) to deviate from the applicable sentencing ranges for a defendant sentenced as a Class C felon with a prior record level IV. Defendant argues that N.C. Gen. Stat. § 15A-1340.13(g) does not expressly state that a trial judge does not have discretion to impose a sentence that deviates from the minimum range upon a finding of extraordinary mitigation, and, therefore, the statute must be construed without such a limitation. We find defendant's argument unpersuasive for two reasons.

First, defendant is precluded from benefitting from extraordinary mitigation by operation of N.C. Gen. Stat. § 15A-1340.13(h)(3), which prohibits a trial court from using extraordinary mitigation when a defendant has five or more prior record level points. N.C. Gen. Stat. § 15A-1340.13(h) (1999). In the case *sub judice*, defendant stipulated to eleven prior record level points.

Second, there is nothing in the language of N.C. Gen. Stat. § 15A-1340.13(g) that would permit a trial court to impose a shorter

minimum term of imprisonment than that which is required for the class of offense and prior record level at issue based on a finding of extraordinary mitigation. N.C. Gen. Stat. § 15A-1340.13(g) allows a trial court to use extraordinary mitigation as a means of imposing an intermediate punishment for a class of offense and prior record level which requires imposition of an active punishment, in situations where an active punishment would be manifestly unjust. N.C. Gen. Stat. § 15A-1340.13(g) (1999). Extraordinary mitigation is only intended as a tool for dispositional deviation, and not as a tool to reduce the minimum term of an active sentence. Therefore, defendant's reliance on N.C. Gen. Stat. § 15A-1340.13(g) is misplaced.

For the foregoing reasons, we hold that a trial court lacks the authority to use a finding of extraordinary mitigation to deviate from the applicable structured sentencing ranges for a defendant convicted of a Class C felony with a prior record level IV. Accordingly, we conclude that there is no error in the trial court's judgment and commitment.

Affirmed.

Judges WALKER and HUNTER concur.