STATE OF NORTH CAROLINA v. TORRAIN LAMEL MELVIN

No. COA07-653

(Filed 19 February 2008)

**Sentencing— extraordinary mitigating factors—abuse of discretion standard**

> The trial court did not abuse its discretion by refusing to find factors of extraordinary mitigation and by imposing an active punishment for defendant's two Class C felony convictions, three Class D felony convictions, one Class E felony conviction, and one Class F felony conviction, because: (1) the sheer number of mitigating factors in and of itself do not support a finding of extraordinary mitigation; (2) the trial court did not expressly hold that a statutory mitigating factor could not be the basis for a factor of extraordinary mitigation, but merely expressed doubt as to whether it was possible; (3) while the trial court is not precluded from making a finding of extraordinary mitigation based upon the same facts as would support one of the statutory mitigating factors, there must be additional facts present over and above the facts required to support a normal statutory mitigating factor; and (4) the record showed the trial court carefully and deliberately exercised its discretion in evaluating defendant's proffered factors in extraordinary mitigation, and defendant failed to show any abuse of discretion by the trial court.

Appeal by defendant from judgment entered 8 June 2006 by Judge Orlando F. Hudson in Wake County Superior Court. Heard in the Court of Appeals 28 November 2007.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Joan M. Cunningham, for the State.*

*Massengale & Ozer, by Marilyn G. Ozer, for defendant-appellant.*

STEELMAN, Judge.

When defendant did not demonstrate the existence of an extraordinary mitigating factor, the trial court did not abuse its discretion in imposing an active punishment for defendant's two Class C felony convictions, three Class D felony convictions, one Class E felony conviction, and one Class F felony conviction.

## I. Factual and Procedural Background

On 26 September 2005, Torrain Melvin (defendant) was indicted on one count of first degree kidnapping, one count of assault with a deadly weapon inflicting serious injury, two counts of robbery with a dangerous weapon, one count of first degree sexual offense and one count of first degree rape. On 23 January 2006, defendant was indicted on one count of first degree burglary. On 13 March 2006, defendant pled guilty pursuant to a plea agreement before Judge Henry W. Hight, Jr. The kidnapping charge was reduced to felonious restraint, the two armed robbery offenses were to be consolidated for judgment, the first degree sexual offense and first degree rape charges were each reduced to second degree, and were consolidated for judgment. The State and defendant stipulated that defendant was a Prior Record Level II for felony sentencing purposes. Entry of judgment was continued to a later date.

On 8 June 2006, defendant appeared before Judge Hudson for sentencing. At that hearing, defendant requested that the court find the existence of twelve extraordinary mitigating factors pursuant to N.C. Gen. Stat. § 15A-1340.13(g) (2005), and not impose an active sentence. The trial court responded to this request:

> In some of your materials that you asked me to take a look at, you talked about extraordinary mitigating findings. He may have plenty of mitigating factors, but I don't really see an extraordinary mitigating factor.
>
> . . .
>
> [I]t's not an extraordinary mitigating factor when you have numerous mitigating factors. For instance, 10 mitigating factors

**STATE v. MELVIN**

[188 N.C. App. 827 (2008)]

don't add up to one extraordinary mitigating factor. That's not what [the General Assembly] had in mind, I don't think.

. . .

In fact, I'm not sure it's even possible for a statutory mitigating factor to be an extraordinary mitigating factor.

. . .

I'm willing to admit that he probably establishes some mitigating factors. My question is, is there an extraordinary mitigating factor. . . . Is it your argument it's just that the multiplicity of statutory mitigating factors amounts to an extraordinary mitigating factor, is that your argument?

. . .

I'm satisfied he has not established, and I don't think he can establish, based on the way this is proceeding, [an] extraordinary mitigating factor . . . . Now, he may have numerous mitigating factors, and I want to hear what you want to—want me to do if I find mitigating factors.

Judge Hudson found six statutory mitigating factors as set forth in N.C. Gen. Stat. § 1340.16(e) (2005) and no aggravating factors. He further found that the factors in mitigation outweighed the factors in aggravation and imposed sentences from the mitigated range in each judgment. The court did not find that there were present any extraordinary factors in mitigation that would make it a manifest injustice to impose an active punishment.

The charges of second degree sexual offense, felonious restraint, assault with a deadly weapon inflicting serious injury and second degree rape were consolidated in one judgment and an active sentence of 70 to 93 months imprisonment was imposed. The remaining charges of first degree burglary and two counts of robbery with a dangerous weapon were consolidated in a second judgment and a consecutive sentence of 55 to 75 months imprisonment was imposed. Defendant appeals.

## II. Felony Structured Sentencing in North Carolina

Part 2 of Article 81B of Chapter 15A of the General Statutes sets forth North Carolina's framework of Structured Sentencing for felons. Felony sentences are determined by the classification of the felony and the defendant's prior record level. N.C. Gen. Stat.

§ 15A-1340.14 (2005). The felony sentencing grid set forth in N.C. Gen. Stat. § 15A-1340.17 provides for three possible sentencing dispositions: (1) "C" being community punishment as defined in N.C. Gen. Stat. § 15A-1340.11(2); (2) "I" being intermediate punishment as defined in N.C. Gen. Stat. § 15A-1340.11(6); and (3) "A" being active imprisonment in the Department of Corrections. N.C. Gen. Stat. § 15A-1340.11(1). If a particular cell in the sentencing grid contains only an "A" as a sentencing disposition, the trial court is required to impose an active prison sentence, and not suspend the sentence. N.C. Gen. Stat. § 15A-1340.11(1). The only exception to this is found in N.C. Gen. Stat. § 15A-1340.13(g), which allows the sentencing judge to impose an intermediate punishment upon a finding that an extraordinary mitigating factor exists in the case.

An extraordinary mitigation factor is defined as being "of a kind significantly greater than in the normal case." N.C. Gen. Stat. § 15A-1340.13(g)(1). The decision to find an extraordinary mitigating factor rests in the discretion of the presiding judge. Upon the finding of a factor of extraordinary mitigation, the trial judge presiding must then make two additional findings before an intermediate punishment may be imposed in lieu of an active sentence. The factor(s) in extraordinary mitigation must "substantially outweigh any factors in aggravation[,]" and it must be found that "[i]t would be a manifest injustice to impose an active punishment in the case." N.C. Gen. Stat. § 15A-1340.13(g)(2) & (3). The decision to find these additional factors rests in the discretion of the presiding judge. *Id.* Finally, the ultimate decision of whether to impose an intermediate punishment rests in the discretion of the presiding judge. *Id.*

A finding of extraordinary mitigation does not authorize the trial court to modify the length of a sentence imposed, *State v. Messer*, 142 N.C. App. 515, 543 S.E.2d 195 (2001), only to impose an intermediate punishment in lieu of active punishment. The trial judge is prohibited from imposing an intermediate punishment based upon a finding of extraordinary mitigation where: (1) the offense is a Class A or B1 felony; (2) the offense is a drug trafficking offense; or (3) the defendant has five or more record points. N.C. Gen. Stat. § 15A-1340.13(h).

## Standard of Review

On appeal, the decisions made by the trial court under N.C. Gen. Stat. § 15A-1340.13(g) are reviewed under an abuse of discretion standard. An abuse of discretion occurs only when the trial court's ruling is "manifestly unsupported by reason or one so arbi-

trary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998) (citations omitted).

### III. Presence of Factor of Extraordinary Mitigation

In his sole argument on appeal, defendant contends that the trial court erred in refusing to find factors of extraordinary mitigation to support the imposition of an intermediate punishment for defendant's multiple serious felony charges and that he is entitled to a new sentencing hearing. We disagree.

Defendant first contends that the trial court erred in holding that a large number of "mitigating factors don't add up to one extraordinary mitigating factor," and that by so holding the court failed and refused to exercise its discretion as required under N.C. Gen. Stat. § 15A-1340.13(g). We hold that the trial court correctly interpreted the provisions of the statute. Subsection (1) clearly states that to be a factor of extraordinary mitigation, the factor must be of "a kind significantly greater than in the normal case." N.C. Gen. Stat. § 15A-134.13(g)(1). The trial court must look to the quality and nature of the factor to determine whether it is an extraordinary factor in mitigation. Unless the factor is "significantly greater" it cannot be a factor of extraordinary mitigation. The sheer number of mitigating factors cannot in and of itself support a finding of extraordinary mitigation.

Defendant next argues that the trial court failed to properly exercise its discretion by holding that a statutory mitigating factor cannot be the basis for an extraordinary mitigating factor. We first note that the trial court did not expressly hold that a statutory mitigating factor could not be the basis for a factor of extraordinary mitigation. Judge Hudson merely expressed doubt as to whether it was possible.

As discussed above, a factor of extraordinary mitigation must be of a "kind significantly greater than in the normal case." The statutory mitigating factors set forth in N.C. Gen. Stat. § 15A-1340.16(e) are mitigating factors found in a normal case. While the trial court is not precluded from making a finding of extraordinary mitigation based upon the same facts as would support one of the mitigating factors listed in the statute, in order to be extraordinary mitigation there must be additional facts present, over and above the facts required to support a normal statutory mitigation factor.

In this case, the trial court carefully listened to all of the evidence in mitigation presented by the defendant. Of the twelve mitigating factors submitted by defendant, the trial court found the existence of six, and imposed a mid-range mitigated sentence in each of the two judgments that consolidated multiple charges. The trial court did not find the existence of any factor in extraordinary mitigation.

We hold that the record in this case clearly shows that the trial court carefully and deliberately exercised its discretion in evaluating defendant's proffered factors in extraordinary mitigation. We further hold that defendant has failed to demonstrate any abuse of discretion on the part of the trial judge in not finding extraordinary mitigation and imposing an active sentence in these cases.

AFFIRMED.

Judges McCULLOUGH and GEER concur.