STATE v. RILEY

[202 N.C. App. 299 (2010)]

---

STATE OF NORTH CAROLINA v. DAVID JOSEPH RILEY

No. COA09-643

(Filed 2 February 2010)

## 1. Evidence— cross-examination—guilty plea to lesser charge—plea bargain—harmless error

Although defendant contends the trial court erred by allowing the prosecutor to cross-examine defendant concerning pleading guilty to a lesser charge as part of a plea bargain, defendant failed to meet his burden of showing that a different result would have been reached at trial absent the alleged error.

STATE v. RILEY

[202 N.C. App. 299 (2010)]

**2. Criminal Law— prosecutor's argument—improper remarks**

The trial court did not abuse its discretion in a first-degree burglary and impersonating a law enforcement officer case by overruling defendant's objection to a portion of the prosecutor's closing argument regarding defendant's intent to steal because even though the remarks were improper, they did not rise to the level of depriving defendant of a fair trial.

**3. Probation and Parole— sentencing—special probation—violation of statute**

The trial court erred in a first-degree burglary and impersonating a law enforcement officer case by sentencing defendant to a 30-month term of special probation because it violated the provisions of N.C.G.S. § 15A-1351(a). The case was remanded for resentencing.

**4. Probation and Parole— sentencing—length of probation—failure to make required findings**

The trial court erred in a first-degree burglary and impersonating a law enforcement officer case by sentencing defendant to a 60-month term of probation without making the findings required by N.C.G.S. § 15A-1343.2(d)(4). The case was remanded for resentencing on the length of the term of probation.

**5. Sentencing— extraordinary mitigation—sufficiency of findings**

The trial court abused its discretion in a first-degree burglary and impersonating a law enforcement officer case by concluding that its findings of two normal statutory mitigating factors, without any additional facts, were sufficient to support a determination of extraordinary mitigation. The case was remanded for resentencing based on whether there existed factor(s) of extraordinary mitigation.

Appeal by defendant and cross-appeal by the State from judgment entered 18 September 2008 by Judge Russell J. Lanier, Jr. in Pender County Superior Court. Heard in the Court of Appeals 28 October 2009.

*Attorney General Roy Cooper, by Assistant Attorney General John G. Barnwell, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Benjamin Dowling-Sendor, for defendant.*

STATE v. RILEY

[202 N.C. App. 299 (2010)]

STEELMAN, Judge.

While the prosecutor improperly cross-examined defendant about pleading guilty to a lesser charge as part of a plea bargain, defendant failed to show that any error was prejudicial. While a portion of the prosecutor's closing argument was improper, it did not rise to the level of denying defendant a fair trial. Pursuant to N.C. Gen. Stat. § 15A-1351, the maximum period of special probation that could have been imposed was one-fourth of defendant's maximum sentence. When the trial court makes no findings in support of its imposition of a term of probation that exceeds the presumptive term, the matter must be remanded to the trial court for resentencing. Factors of extraordinary mitigation are those of a kind significantly greater than in the normal case. The normal mitigating factors as set forth in N.C. Gen. Stat. § 15A-1340.16(e) are not sufficient to support a finding of extraordinary mitigation.

## I. Factual and Procedural Background

In the early morning hours of 6 July 2007, David Joseph Riley (defendant) and Robert Jordan (Jordan) went to a trailer located in Burgaw that was occupied by Nathan Morgan (Morgan) and his girlfriend Brittney Wells (Wells). They obtained entry to the trailer by representing themselves to be law enforcement agents. A firearm was displayed, and defendant and Jordan demanded that Morgan and Wells produce drugs and money. They proceeded to ransack the trailer, taking some change that was stored in a jar. The men then left the trailer and drove away.

Defendant was indicted for the felony of first degree burglary and the misdemeanor of impersonating a law enforcement officer. On 17 September 2008, a jury found defendant guilty of both charges, but found in a special interrogatory that defendant had not displayed or threatened to use a firearm during the burglary. The trial court found two factors in extraordinary mitigation: (1) that "defendant was suffering from a mental condition that was insufficient to constitute a defense but significantly reduced the defendant's culpability for the offense;" and (2) that "defendant aided in the apprehension of another felon." Defendant was sentenced to a term of 46 to 65 months, which was suspended. As an intermediate sanction, defendant was to serve a term of special probation of 30 months.

Defendant appeals. The State appeals the trial court's finding of extraordinary mitigation and the sentence imposed.

II.  Defendant's Appeal

### A.  Cross-examination of Defendant Concerning Conviction Obtained as a Result of a Plea Bargain.

**[1]** In his first argument, defendant contends that the trial court erred in allowing the prosecutor to cross-examine defendant concerning pleading guilty to a lesser charge as part of a plea bargain. We disagree.

Defendant testified in this case. Rule 609 of the Rules of Evidence permits a witness to be cross-examined concerning prior felony and misdemeanor convictions, with the exception of Class 3 misdemeanors, committed within the time limits set forth in subsection (b), for the purpose of attacking the credibility of the witness. N.C. Gen. Stat. § 8C-1, Rule 609.

The following exchange took place between the prosecutor and defendant:

CROSS-EXAMINATION BY MR. FENNELL:

Q.  Your prior conviction was—actually started off as a felony financial card theft—

MR. HALL:  Objection.

THE COURT:  Sustained.

Q.  You were also charged with fraud; isn't that correct?

MR. HALL:  Objection.

THE COURT:  Sustained.

MR. HALL:  Your Honor, move to strike.

THE COURT:  Motion to strike is allowed. Ladies and gentlemen, disregard the district attorney's question. He is allowed to ask a man about convictions, not charges.

MR. FENNELL:  Your Honor, I would contend it goes directly to his willingness to tell the truth. He was charged with fraud.

THE COURT:  No, sir, you're not going to do that.

Q.  You were charged [with] misdemeanor larceny as the result of a plea bargain; is that correct?

MR. HALL:  Objection.

THE COURT: That's what he pled to. Is that what he pled to?

MR. FENNELL: Yes, sir.

THE COURT: All right.

Q. Is that correct?

A. Yes, sir.

Defendant complains of the last question where the State asked if he pled guilty to misdemeanor larceny as a result of a plea bargain. N.C. Gen. Stat. § 15A-1025 provides: "The fact that the defendant or his counsel and the prosecutor engaged in plea discussions or made a plea arrangement may not be received in evidence against or in favor of the defendant in any criminal or civil action or administrative proceedings." N.C. Gen. Stat. § 15A-1025 (2007). We hold that the question complained of was improper and violated the provisions of N.C. Gen. Stat. § 15A-1025. The State does not dispute that the question was improper. However, this does not end our analysis. Defendant still bears the burden of showing that the error was prejudicial. N.C. Gen. Stat. § 15A-1443(a) (2007).

The trial court sustained defendant's objections during the first part of the above-recited examination, and made it clear that the State was only "allowed to ask a man about convictions, not charges." In ruling on the objection to the question, the trial court again focused upon the conviction, not the charge: "That's what he pled to. Is that what he pled to?" The only cases cited by defendant in support of his argument are *State v. Abraham*, 338 N.C. 315, 451 S.E.2d 131 (1994) and *State v. Jones*, 329 N.C. 254, 404 S.E.2d 835 (1991), which stand for the proposition that it is improper to examine a witness concerning mere charges of crimes. The trial court's rulings were consistent with the holdings in these cases.

The trial court specifically gave a limiting instruction to the jury that evidence of a prior criminal charge was not to be used as evidence of defendant's guilt in the instant case. "[Y]ou may consider this evidence for one purpose only. Again, if, considering the nature of the crime, you believe that it bears on truthfulness, then you may consider it together with all other facts and circumstances bearing upon the witness' truthfulness . . . ." "The law presumes that the jury heeds limiting instructions that the trial judge gives regarding the evidence." *State v. Shields*, 61 N.C. App. 462, 464, 300 S.E.2d 884, 886 (1983) (citation omitted). Any error in the prosecutor's cross-

examination of defendant concerning a prior criminal charge was cured by the trial court's limiting instruction to the jury.

We hold that defendant has failed to meet his burden of showing that had the error in question not been committed, a different result would have been reached at trial. N.C. Gen. Stat. § 15A-1443(a) (2007).

This argument is without merit.

### B.  Closing Arguments of Prosecutor

[2] In his second argument, defendant contends that the trial court erred in overruling his objection to a portion of the prosecutor's closing argument. We disagree.

Defendant gave a statement to Officer Croom in July 2007, in which he acknowledged that he and Jordan went to the Morgan trailer with the intent to steal. Subsequent statements of defendant and his trial testimony contradicted his first statement as to why they went to the Morgan trailer.

The prosecutor argued in closing argument:

MR. FENNELL: It says—we're talking so much about inconsistent statements, Scott Croom's very first statement a month after he got home, he said, We went there to steal. The word is in the statement, folks. That's what he told him. We went there to steal.

That was probably because—probably before he had a conversation with his lawyer, and his lawyer told him if you go into a house and steal, you committed burglary, which is a ten-year offense, as opposed to misdemeanor larceny, which is not.

MR. HALL: Objection

THE COURT: Overruled.

MR. FENNELL: Now he realizes he can't have gone in there to steal, like he told Scott Croom. The only person—look at what they did when they went in there. The very first thing he said is, Give me your money and your dope. The very first thing he said was, Where's the money? Where's the dope?

What did they do? Where did they look? They looked in the wallet. They looked in the pocketbook. They looked in the safe. You don't keep pounds of pot in wallets. You don't keep pounds of pot in pocketbooks.

Defendant contends that the argument was improper because it attacked the integrity of defense counsel, and was based upon pure speculation that defendant changed his story after speaking with his attorney. The State acknowledges that the argument "was inappropriate, contrary to Rule 12 of the General Rules of Practice in Superior and District Court, and even improper." The State further argues that the improper argument was a single, isolated incident, and does not rise to the level required for defendant to be entitled to a new trial.

The North Carolina General Assembly has set specific guidelines for closing arguments:

> During a closing argument to the jury an attorney may not become abusive, inject his personal experiences, express his personal belief as to the truth or falsity of the evidence or as to the guilt or innocence of the defendant, or make arguments on the basis of matters outside the record except for matters concerning which the court may take judicial notice. An attorney may, however, on the basis of his analysis of the evidence, argue any position or conclusion with respect to a matter in issue.

N.C. Gen. Stat. § 15A-1230(a) (2007).

When opposing counsel timely objects to improper closing arguments, the standard of review is whether the trial court abused its discretion by failing to sustain the objection. *State v. Jones*, 355 N.C. 117, 131, 558 S.E.2d 97, 106 (2002) (citations omitted). "Trial counsel are granted wide latitude in the scope of jury argument, and control of closing arguments is in the discretion of the trial court." *State v. Soyars*, 332 N.C. 47, 60, 418 S.E.2d 480, 487 (1992) (citations omitted). Trial counsel are permitted to argue the facts that have been presented, as well as any reasonable inferences which can be drawn from those facts. *State v. McCollum*, 334 N.C. 208, 223, 433 S.E.2d 144, 152 (1993) (citing *State v. Williams*, 317 N.C. 474, 346 S.E.2d 405 (1986)), *cert. denied*, 512 U.S. 1254, 129 L. Ed. 2d 895 (1994). "In order for a defendant to receive a new sentencing proceeding, the prosecutor's comments must have 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " *Id.* at 223-24, 433 S.E.2d at 152 (quoting *Darden v. Wainwright*, 477 U.S. 168, 181, 91 L. Ed. 2d 144, 157 (1986)). It is not enough that the prosecutor's remarks were undesirable or even universally condemned. *Darden*, 477 U.S. at 181, 91 L. Ed. 2d at 157 (citations and quotations omitted).

As the State concedes in the instant case, the prosecutor's remarks in the closing argument were improper, but they did not rise to the level of depriving defendant of a fair trial. "The prosecutor['s] argument did not manipulate or misstate the evidence, nor did it implicate other specific rights of the accused such as the right to counsel or the right to remain silent." *Id.* at 181-82, 91 L. Ed. 2d at 157-58. The trial court instructed the jurors that their decision was to be made on the basis of their recollection of the evidence alone, and not on the recollection of the evidence as argued by the attorneys. The weight of the evidence against defendant with respect to his intent to steal was substantial, and defendant's own statement to Officer Croom acknowledged that he went to the Morgan trailer for the purpose of stealing. Defendant drove to the Morgan trailer in the early hours of the morning, wore dark clothing and an earpiece, pretended to be a police officer, and flashed a fake police badge. "All of these factors reduced the likelihood that the jury's decision was influenced by these portions of the prosecutor's closing argument. Therefore, the prosecutor's closing argument did not deny the defendant due process." *McCollum*, 334 N.C. at 224-25, 433 S.E.2d at 152-53 (citation omitted). We hold that the prosecutor's comments, while undesirable, did not so infect the trial with unfairness as to make defendant's conviction a denial of due process. *Darden*, 477 U.S. at 181, 91 L. Ed. 2d at 157.

This argument is overruled.

## C. Improper Term of Special Probation

[3] In his third argument, defendant contends that the trial court improperly sentenced defendant to a 30 month term of special probation. We agree.

The trial court sentenced defendant to a term of 46 to 65 months, suspended the sentence, and then imposed a term of special probation of 30 months. N.C. Gen. Stat. § 15A-1351 provides that: "the total of all periods of confinement imposed as an incident of special probation, but not including an activated suspended sentence, may not exceed one-fourth the maximum sentence of imprisonment imposed for the offense . . . ." N.C. Gen. Stat. § 15A-1351(a) (2007)[1]. The maximum period of special probation that could have been imposed was one-fourth of the maximum sentence of 65 months or 16.25 months.

---

1. We note that Chapter 151 of the 2003 Session Laws amended N.C. Gen. Stat. § 15A-1351(a) to remove a cap of six months for a term of special probation. However, this amendment left intact the other cap of one-fourth of the maximum sentence imposed for the offense.

Because the term of special probation imposed by the trial court violated the provisions of N.C. Gen. Stat. § 15A-1351(a), this matter must be remanded to the trial court for resentencing.

### D.  Imposition of a Term of Probation for 60 Months

[4] In his fourth argument, defendant contends that the trial court improperly imposed a 60 month term of probation, without making the findings required by N.C. Gen. Stat. § 15A-1343.2(d)(4). We agree.

N.C. Gen. Stat. § 15A-1343.2 provides that unless the trial court makes specific findings supporting a longer or shorter period of probation, the term of probation for a felon sentenced to intermediate punishment shall be no more than 36 months. N.C. Gen. Stat. § 15A-1343.2(d)(4) (2007). If the trial court finds that a longer period of probation is necessary, it shall not exceed five years, as set forth in N.C. Gen. Stat. § 15A-1342 and N.C. Gen. Stat. § 15A-1351. In the instant case, the trial court made no findings in support of its imposition of a term of probation of 60 months.

This matter must be remanded to the trial court for resentencing on the length of the term of probation. *State v. Cardwell*, 133 N.C. App. 496, 509, 516 S.E.2d 388, 397 (1999). Upon remand, the trial court may consider whether a term of probation of greater than 36 months is appropriate.

### III.  State's Appeal

[5] In its first argument, the State contends that the trial court's findings were not sufficient to support a determination of extraordinary mitigation. We agree.

### A.  Standard of Review

The decisions of a trial court on extraordinary mitigating factors are reviewed under an abuse of discretion standard. *State v. Melvin*, 188 N.C. App. 827, 830, 656 S.E.2d 701, 703 (2008). An abuse of discretion occurs only when the trial court's ruling is "manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998) (citation omitted).

### B.  Extraordinary Mitigation Under Felony Structured Sentencing

The felony sentencing grid contained in N.C. Gen. Stat. § 15A-1340.17 provides for three possible sentencing dispositions: (a) "C" being community punishment as defined in N.C. Gen. Stat.

§ 15A-1340.11(2); (b) "I" being intermediate punishment as defined in N.C. Gen. Stat. § 15A-1340.11(6); and (c) "A" being active imprisonment in the Department of Corrections as defined in N.C. Gen. Stat. § 15A-1340.11(1). Where a cell in the sentencing grid contains only an "A" as the sentencing disposition, the trial court is required to impose an active prison sentence. The only exception to the imposition of an active sentence is where the trial court finds the existence of a factor in extraordinary mitigation as provided in N.C. Gen. Stat. § 15A-1340.13(g).

> [A] factor of extraordinary mitigation must be of a "kind significantly greater than in the normal case." The statutory mitigating factors set forth in N.C. Gen. Stat. § 15A-1340.16(e) are mitigating factors found in a normal case. While the trial court is not precluded from making a finding of extraordinary mitigation based upon the same facts as would support one of the mitigating factors listed in the statute, in order to be extraordinary mitigation there must be additional facts present, over and above the facts required to support a normal statutory mitigation factor.

*Melvin*, 188 N.C. App. at 831, 656 S.E.2d at 703.

In the instant case, the trial court found two statutory mitigating factors: (1) "The defendant was suffering from a mental condition that was insufficient to constitute a defense but significantly reduced the defendant's culpability for the offense." (N.C. Gen. Stat. § 15A-1340.16(e)(3)); and (2) "The defendant aided in the apprehension of another felon." (N.C. Gen. Stat. § 15A-1340.16(e)(7)). Under the rationale of *Melvin*, the normal mitigating factors set forth in N.C. Gen. Stat. § 15A-1340.16(e) are not in and of themselves sufficient to support a finding of extraordinary mitigation. "[T]here must be additional facts present, over and above the facts required to support a normal statutory mitigation factor." *Melvin*, 188 N.C. App. at 831, 656 S.E.2d at 703. It was an abuse of discretion for the trial court to hold that a normal mitigating factor, without additional facts being present, constituted an extraordinary mitigating factor.

The fact that the trial court found two normal mitigating factors does not alter our conclusion. It is the quality and not the quantity of mitigating factors that qualify them as factors of extraordinary mitigation. *Melvin*, 188 N.C. App. at 831, 656 S.E.2d at 703.

This case is remanded to the trial court for resentencing as to whether there exists a factor or factors of extraordinary mitigation.

**IN RE E.K., K.K., & E.G.**

[202 N.C. App. 309 (2010)]

## NO PREJUDICIAL ERROR AS TO THE TRIAL, REMANDED TO THE TRIAL COURT FOR RESENTENCING.

Judges ELMORE and HUNTER JR., ROBERT N. concur.