**STATE v. WILLIAMS**

[227 N.C. App. 209 (2013)]

STATE OF NORTH CAROLINA
v.
ERIC LAMAR WILLIAMS, JR., Defendant

No. COA12-1323

Filed 7 May 2013

**1. Criminal Law—motion for appropriate relief—sua sponte— change of sentence**

The trial court supplied appropriate notice of a *sua sponte* motion for appropriate relief (MAR) to change a sentence imposed the day before where the judge announced his *sua sponte* MAR in open court; he was the judge who presided over the guilty plea and sentencing hearing; the guilty plea, sentencing hearing, and MAR were all made during the same criminal session; and the notice came much sooner than within 10 days after entry of judgment.

**2. Criminal Law—motion for appropriate relief hearing—statutory mandates—request for continuance**

The trial court complied with statutory mandates for raising and allowing its *sua sponte* motion for appropriate relief (MAR) to change a criminal sentence imposed the day before. Furthermore, although the State contended that the trial court erred by failing to conduct a hearing, the State asked for a continuance so that the prosecutor from the day before could decide how to proceed and did not argue that the trial court erred by refusing the continuance.

**3. Criminal Law—motion for appropriate relief—sua sponte— sentence altered—burden not shifted to State**

At a hearing on a trial court's *sua sponte* motion for appropriate relief (MAR) at which a sentence imposed the previous day was altered, the trial court did not place the burden on the State to disprove the existence of extraordinary mitigation

**4. Sentencing—change of sentence—extraordinary mitigation —findings required**

The trial court's granting of its *sua sponte* motion for appropriate relief and change of a sentence imposed the day before was reversed and remanded for appropriate findings as to the factors of extraordinary mitigation. While there was certainly evidence in the record to support extraordinary mitigation, appellate review is not *de novo* and the trial court must make the appropriate findings based upon the evidence in order to support its determination.

Appeal by the State from judgment entered on or about 3 May 2012 by Judge Joseph E. Turner in Superior Court, Forsyth County. Heard in the Court of Appeals 28 March 2013.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Joseph L. Hyde, for the State.*

*Appellate Defender Staples Hughes by Assistant Appellate Defender Benjamin Dowling-Sendor, for defendant-appellee.*

STROUD, Judge.

Defendant pled guilty to attempted second degree sex offense, felonious restraint, and indecent liberties with a child. The trial court rendered an oral judgment imposing an active term of imprisonment, but thereafter sua sponte raised a motion for appropriate relief, found extraordinary mitigating factors, and ultimately entered a written judgment suspending defendant's active sentence. The State appeals; for the following reasons, we reverse and remand.

## I. Background

On or about 3 May 2012, defendant pled guilty to attempted second degree sex offense, felonious restraint, and indecent liberties. Before the trial court the State summarized the evidence, and defendant stipulated to the State's summary. The State summarized that Mr. Brian Johnson had arranged for himself and his friends to receive fellatio from a 14-year-old girl in exchange for cigars. Mr. Johnson and his friends, including defendant, drove to pick up the girl at her home, and then took her to a park. En route to the park they smoked some cigars. The girl performed fellatio on Mr. Johnson and then defendant. Defendant also asked the girl to lift her shirt so he could see her breasts, and she did. They gave the girl cigars, as agreed, and then they smoked some cigars. There was no evidence that any of the sexual acts that occurred were performed by force or against the girl's will. Neither defendant or the others knew the girl's age; she was 5'8" tall and weighed about 185 pounds. At the time of the offense defendant was 20 years old; defendant also had an IQ of 77 and thus was on the "borderline range of intellectual functioning."

The trial court orally rendered judgment by finding ten mitigating factors and ultimately sentencing defendant "at the bottom of the mitigated range" to an active sentence. The next day, the trial court called the parties back into court and the following dialogue took place:

**STATE v. WILLIAMS**

[227 N.C. App. 209 (2013)]

THE COURT: Mr. Williams, in this court yesterday I found you guilty and sentenced you on charges of an attempted second degree sex offense, of felonious restraint, and indecent liberties with a child; and I sentenced you to the minimum term required by law of 38 months with a corresponding maximum sentence of 155 months.

And if you will recall, all of you that were here yesterday, it took me a while to come to that conclusion. And I was less than convicted [sic] in my decision I guess because last night I woke up at 2:15 in the morning and I didn't go back to sleep until a quarter of 5 because I couldn't get you and this case off my mind. I've been a judge for 22 years, and I think there have been three or four occasions when a decision of mine kept me awake at night.

And so on my own motion, I am considering a motion for appropriate relief under G.S. 15A-1414(b)(4) in that I believe the sentence imposed was not supported by the evidence in the sentencing hearing.

I've given notice to you, Mr. Williams. I've given notice to your attorney. I've given notice to the district attorney and the victim's family through the district attorney.

And 15A-1420 requires that even when the judge gives notice, it needs to be in writing unless it's in open court during the same session or before the same judge who presided. And since all of those factors apply, I do not believe that written notice is required.

And I gave that notice just as early this morning as I reasonably could so that everybody could have an opportunity to be present. And pursuant to my motion for appropriate relief, I am setting aside the judgment I entered yesterday and entering a new judgment based on the evidence that I heard in the belief that this new judgment would be an appropriate judgment under the law.

MR. O'NEILL: Your Honor, with all due respect, if I may interrupt you just for a moment.

THE COURT: Yes.

MR. O'NEILL: So is the purpose of the hearing that you're putting the district attorney's office on notice that

**STATE v. WILLIAMS**

[227 N.C. App. 209 (2013)]

we are going to schedule a hearing on a motion for appropriate relief?

THE COURT:	No. This is to strike the judgment I entered yesterday and enter a new judgment in its place.

MR. O'NEILL:	Okay. If that's the case then, Your Honor -- again, the Court may have already made up its mind as to what it's going to do on this -- but I would make a motion to have the matter at least continued to Monday so the prosecuting attorney who is more familiar with the facts of this case will be able to be present and be heard. And we have not had an opportunity to brief the family on any of these issues and determine whether or not they wanted to present any evidence.

So it would be my motion to continue the matter to Monday when both sides would be able to address the Court prior to making its ruling.

THE COURT:	Okay. I thank you for that and understand it. I'm gonna deny it because we had a very lengthy sentencing hearing, and I have heard the [S]tate's arguments in favor of the judgment I entered yesterday and in fact did what the [S]tate argued at that time. And my decision is simply correcting what I did yesterday to comply with what I should have done yesterday. And so I will deny that motion.

And in this case -- if you'll stand up, Mr. Williams -- I'm going to find -- actually you don't need to stand up yet — I'm going to find that there are extraordinary mitigating factors in the case.

I will first of all find that he is convicted of a Class D felony, and that that offense by statute requires an active sentence; that after hearing the evidence and the arguments of counsel yesterday on the issue of deviation for extraordinary mitigation, I would find – in addition to the mitigating factors that I stated in open court as part of the judgment yesterday, I would find the extraordinary mitigating factor that the defendant's level of mental functioning was insufficient to constitute a defense but significantly reduced his culpability.

I would further find that all of the evidence was to the effect that the defendant was absolutely a passive participant in the entire affair in that he was -- quote — "hanging out" -- closed quote – with friends; that he was propositioned by the victim, and simply conced[ed] to her performing fellatio upon him; and his only involvement was the physical reaction to her administrations. And that from the evidence -- well, just strike that.

Based on those findings, I would find that extraordinary mitigating factors of a kind significantly greater than in the normal case are present; that those factors substantially outweigh any factors in aggravation; and there were no findings of any aggravating factors.

And I would conclude further that it would be manifest injustice to impose an active sentence in the case.

And now you can stand up.

The State objected on the grounds of notice as the attorney who had handled the hearing the previous day was unavailable. The trial court ultimately entered judgment consistent with its rendition on the second day of sentencing making findings of extraordinary mitigation and suspending defendant's sentence; thus, instead of imprisonment, defendant received 60 months of supervised probation. The State appeals.

## II. Motion for Appropriate Relief

The State contends that "the trial court erred by not following the statutory procedure for conducting a hearing on an MAR[,]" (original in all caps), including "not providing notice as required by section 15A-1420" and "by not conducting a hearing pursuant to subsection (c)." "Questions of statutory interpretation are questions of law, which are reviewed de novo by an appellate court." *State v. Williams*, ___ N.C. App. ___, ___, 725 S.E.2d 7, 8 (2012) (citation and quotation marks omitted).

Here, the trial court chose to raise and grant its own motion for appropriate relief ("MAR"). Trial judges may raise MARs *sua sponte* "[a]t any time that a defendant would be entitled to relief by a motion for appropriate relief[.]" N.C. Gen. Stat. § 15A-1420(d) (2011). As MARs may be "made before or after entry of judgment" and "for any error committed" if raised "[a]fter the verdict but not more than 10 days after entry of judgment" the trial court did not err in raising an MAR in this manner. N.C. Gen. Stat. §§ 15A-1411(b), -1414(a) (2011).

## A. Notice

[1] The State contends that the trial court failed to provide proper notice pursuant to North Carolina General Statute § 15A-1420. When the trial court raises a MAR *sua sponte*, the trial court "must cause appropriate notice to be given to the parties." N.C. Gen. Stat. § 15A-1420(d) (2011). An MAR need not be made in writing if "it is made: 1. In open court; 2. Before the judge who presided at trial; 3. Before the end of the session if made in superior court; and 4. Within 10 days after entry of judgment[.]" N.C. Gen. Stat. § 15A-1420(a)(1) (2011). The trial judge here announced his *sua sponte* MAR "[i]n open court;" he was "the judge who presided" over the guilty plea and sentencing hearing; the guilty plea, sentencing hearing, and MAR were all made during "the April 30, 2012 Criminal Session[;]" and as judgment had only been rendered the day before the notice of the MAR, the notice came much sooner than "[w]ithin 10 days after entry of judgment[.]" *Id.* North Carolina General Statute § 15A-1420 also requires that the notice provided for a MAR "[s]tate the grounds for the motion" and "[s]et forth the relief sought[.]" N.C. Gen. Stat. § 15A-1420(a)(1)(b), (c) (2011). The trial court also complied with North Carolina General Statute § 15A-1420(a)(1)(b) and (c) as at the time it gave the oral notice of its decision to raise a MAR it also stated it "believe[d] the sentence imposed was not supported by the evidence in the sentencing hearing" and was "setting aside the judgment I entered yesterday and entering a new judgment based on the evidence that I heard in the belief that this new judgment would be an appropriate judgment under the law." Accordingly, the trial court provided appropriate notice.

## B. Hearing

[2] The State also contends that the trial court erred in failing to conduct a hearing pursuant to North Carolina General Statute § 15A-1420(c). Pursuant to North Carolina General Statute § 15A-1420(c)(1), "[a]ny party is entitled to a hearing on questions of law or fact arising from the motion and any supporting or opposing information presented[.]" N.C. Gen. Stat. § 15A-1420(c)(1) (2011). However, the State did not request a hearing, but instead asked for a continuance so that the prosecutor from the day before could decide how to proceed. The State has not argued that the trial court erred by refusing to continue the matter simply so another prosecutor could be present. The trial court complied with statutory mandates for raising and allowing its MAR, *see generally* N.C. Gen. Stat. §§ 15A-1411, -1414, -1420, so this argument is overruled.

### III. Mitigated Sentence

The State presents three arguments as to why the trial court erred in sentencing defendant.

#### A. Burden on the State

**[3]** The State first contends that "the trial court erred by placing the burden on the State to disprove the existence of extraordinary mitigation[,]" (original in all caps), as is evidenced by the following dialogue:

> THE COURT:  It would be more helpful to me at this point I believe to start by asking Miss Glanton[, the State,] to tell me why you think I should not find extraordinary mitigating factors given his age is — level of maturity and intellect and his lack of any prior criminal conduct and being invited to participate.
>
> . . . .
>
> MISS GLANTON:  It sounds to me you're saying you're finding this and I need to tell you why you shouldn't find it.
>
> THE COURT:  No. I said it would be more helpful to my analysis of the case if you would talk to me about why you don't think I should qualify extraordinary mitigating factors.

The State does not contend that defendant failed to carry his burden of proving extraordinary mitigating factors existed; instead, the State contends that the trial court erroneously placed the burden on the State to disprove the extraordinary mitigating factors. We do not believe the trial court did this.

Pursuant to N.C. Gen. Stat. § 15A-1340.16(a),

> The court shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate, but the decision to depart from the presumptive range is in the discretion of the court. The State bears the burden of proving beyond a reasonable doubt that an aggravating factor exists, and the offender bears the burden of proving by a preponderance of the evidence that a mitigating factor exists.

N.C. Gen. Stat. § 15A-1340.16(a) (2011).

Here, defendant presented extensive and compelling evidence of mitigating factors. The trial court then asked the State to respond to defendant's evidence by explaining why it believed defendant's "age[,] . . . level of maturity and intellect and his lack of any prior criminal conduct and being invited to participate" were not sufficient reasons for finding extraordinary mitigating factors; the trial court makes it clear that it is trying to determine whether it will find extraordinary mitigating factors based on the evidence presented by defendant. The trial court did not presume extraordinary mitigating factors and then ask the State to present evidence to explain why extraordinary mitigating factors did not exist; this would have been improperly shifting the burden to the State. Since the trial court did not do this, this argument is overruled. *See generally State ex rel. Edmisten v. Challenge, Inc.*, 71 N.C. App. 575, 579-80, 322 S.E.2d 658, 660 (1984) ("The record in this case was voluminous, containing many affidavits and depositions, transcriptions of tape recorded conversations, and several lengthy and detailed motions, among other items. The hearing on the plaintiff's 18 December 1981 motion was Judge Farmer's first contact with the case, and, in order to perform his duty under Rule 56(d), Judge Farmer asked the defendants to come forth and provide the court information as to which portion of each matter is in good faith controverted as opposed to a broad statement that the entire matter is controverted. In our view, Judge Farmer's order does not require the defendants to assume a burden of proof; it does not require them to produce additional evidence. It merely orders them, pursuant to Rule 56(d), to explain by argument and reference to the record, how each matter they claim was in controversy was disputed." (quotation marks omitted)), *disc. review denied*, 313 N.C. 336, 327 S.E.2d 899 (1985).

B.  Factors for Extraordinary Mitigation

[4] The State contends that "the trial court erred in finding extraordinary mitigation based on two statutory mitigating factors." (Original in all caps.)

North Carolina General Statute § 15A-1340.13(g) provides,

> (g)  Dispositional Deviation for Extraordinary Mitigation. -- Except as provided in subsection (h) of this section, the court may impose an intermediate punishment for a class of offense and prior record level that requires the imposition of an active punishment if it finds in writing all of the following:

(1) That extraordinary mitigating factors of a kind significantly greater than in the normal case are present.

(2) Those factors substantially outweigh any factors in aggravation.

(3) It would be a manifest injustice to impose an active punishment in the case.

The court shall consider evidence of extraordinary mitigating factors, but the decision to find any such factors, or to impose an intermediate punishment is in the discretion of the court. The extraordinary mitigating factors which the court finds shall be specified in its judgment.

N.C. Gen. Stat. § 15A-1340.13(g) (2011).

In *State v. Melvin*, this Court explained the application of extraordinary mitigation factors in sentencing:

Part 2 of Article 81B of Chapter 15A of the General Statutes sets forth North Carolina's framework of Structured Sentencing for felons. Felony sentences are determined by the classification of the felony and the defendant's prior record level. The felony sentencing grid set forth in N.C. Gen. Stat. § 15A-1340.17 provides for three possible sentencing dispositions: (1) C being community punishment as defined in N.C. Gen. Stat. § 15A-1340.11(2); (2) I being intermediate punishment as defined in N.C. Gen. Stat. § 15A-1340.11(6); and (3) A being active imprisonment in the Department of Corrections. If a particular cell in the sentencing grid contains only an A as a sentencing disposition, the trial court is required to impose an active prison sentence, and not suspend the sentence. The only exception to this is found in N.C. Gen. Stat. § 15A-1340.13(g), which allows the sentencing judge to impose an intermediate punishment upon a finding that an extraordinary mitigating factor exists in the case.

An extraordinary mitigation factor is defined as being of a kind significantly greater than in the normal case. The decision to find an extraordinary mitigating factor rests in the discretion of the presiding judge. Upon the finding of a factor of extraordinary mitigation, the trial judge

presiding must then make two additional findings before an intermediate punishment may be imposed in lieu of an active sentence. The factor(s) in extraordinary mitigation must substantially outweigh any factors in aggravation, and it must be found that it would be a manifest injustice to impose an active punishment in the case. The decision to find these additional factors rests in the discretion of the presiding judge. Finally, the ultimate decision of whether to impose an intermediate punishment rests in the discretion of the presiding judge.

A finding of extraordinary mitigation does not authorize the trial court to modify the length of a sentence imposed, only to impose an intermediate punishment in lieu of active punishment. . . .

On appeal, the decisions made by the trial court under N.C. Gen. Stat. § 15A-1340.13(g) are reviewed under an abuse of discretion standard. An abuse of discretion occurs only when the trial court's ruling is manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision.

188 N.C. App. 827, 829-31, 656 S.E.2d 701, 702-03 (2008) (citations, quotation marks, brackets, and heading omitted).

In *Melvin*, the trial court did not find extraordinary mitigation despite finding several statutory mitigation factors, and the defendant argued that the trial court abused its discretion by holding that "a large number of mitigating factors don't add up to one extraordinary mitigating factor[.]" *Id.* at 831, 656 S.E.2d at 703 (quotation marks omitted). This Court determined that "[t]he sheer number of mitigating factors" is not controlling; quality of factors, not quantity, is the prime consideration for the trial court. *Id.*

Subsection (1) clearly states that to be a factor of extraordinary mitigation, the factor must be of a kind significantly greater than in the normal case. The trial court must look to the quality and nature of the factor to determine whether it is an extraordinary factor in mitigation. Unless the factor is significantly greater it cannot be a factor of extraordinary mitigation. The sheer number of mitigating factors cannot in and of itself support a finding of extraordinary mitigation.

*Id.* (citation and quotation marks omitted).

The defendant in *Melvin* also argued that the trial court abused "its discretion by holding that a statutory mitigating factor cannot be the basis for an extraordinary mitigating factor." *Id.* Although we noted that the trial court did not so hold, but rather merely expressed doubt on this issue, this Court stated that

> a factor of extraordinary mitigation must be of a kind significantly greater than in the normal case. The statutory mitigating factors set forth in N.C. Gen. Stat. § 15A-1340.16(e) are mitigating factors found in a normal case. While the trial court is not precluded from making a finding of extraordinary mitigation based upon the same facts as would support one of the mitigating factors listed in the statute, in order to be extraordinary mitigation there must be additional facts present, over and above the facts required to support a normal statutory mitigation factor.

*Id.* (quotation marks omitted). The trial court in *Melvin* had carefully considered the evidence of twelve mitigating factors, found six, but properly exercised its discretion in declining to find extraordinary mitigation based on the number or quality of those six factors. *Id.* at 828-29, 656 S.E.2d at 702.

In *State v. Riley*, the trial court found extraordinary mitigation based upon two statutory factors: "(1) The defendant was suffering from a mental condition that was insufficient to constitute a defense but significantly reduced the defendant's culpability for the offense . . .; and (2) The defendant aided in the apprehension of another felon." 202 N.C. App. 299, 308, 688 S.E.2d 477, 483 (quotation marks omitted), *cert. denied*, 364 N.C. 246, 699 S.E.2d 644 (2010). This Court relied upon *Melvin* to reverse the trial court's sentence and remand for resentencing. *Id.* Again, we noted that the trial court's findings must address the quality, not quantity, of factors to find extraordinary mitigation. *Id.*

> [T]he normal mitigating factors set forth in N.C. Gen. Stat. § 15A–1340.16(e) are not in and of themselves sufficient to support a finding of extraordinary mitigation. There must be additional facts present, over and above the facts required to support a normal statutory mitigation factor. It was an abuse of discretion for the trial court to hold that a normal mitigating factor, without additional facts being present, constituted an extraordinary mitigating factor.

The fact that the trial court found two normal mitigating factors does not alter our conclusion. It is the quality and not the quantity of mitigating factors that qualify them as factors of extraordinary mitigation.

This case is remanded to the trial court for resentencing as to whether there exists a factor or factors of extraordinary mitigation.

*Id.* (citation, quotation marks, and brackets omitted).

We will now examine the trial court's findings in light of *Melvin* and *Riley*. *See Riley*, 202 N.C. App. 299, 688 S.E.2d 477; *Melvin*, 188 N.C. App. 827, 656 S.E.2d 701. Here, the trial court found ten statutory mitigating factors:

2.  The defendant:

. . . .

b. played a minor role in the commission of the offense.

3.  The defendant was suffering from a:

a. mental condition that was insufficient to constitute a defense but significantly reduced the defendant's culpability for the offense.

. . . .

4.  The defendant's:

a. age, or immaturity, at the time of the commission of the offense significantly reduced the defendant's culpability for the offense.

. . . .

. . . .

8.  a.  The defendant acted upon strong provocation.

. . . .

. . . .

11. The defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer:

   a.   at an early stage of the criminal process.

   . . . .

12.  The defendant has been a person of good character or
     has had a good reputation in the community in which
     the defendant liv[es].

. . . .

15.  The defendant has accepted responsibility for the
     defendant's criminal conduct.

. . . .

18.  The defendant has a support system in the community.

19.  The defendant has a positive employment history or is
     gainfully employed.

20.  The defendant has a good treatment prognosis and a
     workable treatment plan is available.

In addition, in support of extraordinary mitigation, *see* N.C. Gen.
Stat. § 15A-1340.13(g)(1)-(3), the trial court also found that

> [t]he defendant's level of mental functioning was insuf-
> ficient to constitute a defense but significantly reduced
> his culpability. The defendant was a passive participant
> in that he was 'hanging out' with friends and that he was
> propositioned by the victim, and simp[ly] conced[ed] to
> her performing fellatio upon him and his only involvement
> was the physical reaction to her ministrations.

Thus, the trial court essentially found four extraordinary factors.

First, the trial court first found that "[t]he defendant's level of men-
tal functioning was insufficient to constitute a defense but significantly
reduced his culpability[;]" this factor is almost a verbatim recitation of
the normal statutory mitigating factor that "[t]he defendant was suf-
fering from a mental . . . condition that was insufficient to constitute
a defense but significantly reduced the defendant's culpability[.]" N.C.
Gen. Stat. § 15A-1340.16(e)(3) (2011).

> While the trial court is not precluded from making a find-
> ing of extraordinary mitigation based upon the same facts
> as would support one of the mitigating factors listed in
> the statute, in order to be extraordinary mitigation there

must be additional facts present, over and above the facts
required to support a normal statutory mitigation factor.

*Melvin*, 188 N.C. App. 831, 656 S.E.2d at 703. So, although the trial court
could properly decide to allow extraordinary mitigation based upon
defendant's mental condition, the trial court must make additional find-
ings to support this, "over and above the facts required to support a
normal statutory mitigation factor." *Id.*

The second extraordinary factor found by the trial court was that
"[t]he defendant was a passive participant in that he was 'hanging out'
with friends[;]" this too is merely a rewording of a normal mitigating
factor "[t]he defendant was a passive participant . . . in the commission
of the offense[;]" N.C. Gen. Stat. § 15A-1340.16(e)(2) (2011). Again, this
finding as stated in the order is not sufficient as a factor of extraordinary
mitigation as it fails to address additional facts which raise this factor
above the normal statutory factor. *See id.*

The third finding in extraordinary mitigation was that defendant
"was propositioned by the victim and simply conced[ed] to her perform-
ing fellatio upon him[.]" In this case, due to the victim's age, the victim's
consent, or even outright proposition, is not a proper factor in support
of mitigation. *See generally* N.C. Gen. Stat. § 15A-1340.16(e). Here,
the victim was 14 years old and defendant was 20. There is a normal
statutory mitigating factor, which the trial court properly did not find
here, that the victim "was a voluntary participant" or "consented" to the
crime, but this factor applies only if the victim was 16 years old or older.
*See* N.C. Gen. Stat. § 15A-1340.16(e)(6). Because the victim here was 14
years old, as a matter of law her voluntary conduct or consent cannot
serve as a normal mitigating factor on behalf of defendant, much less an
extraordinary mitigating factor. *See id.*

Lastly, the trial court's fourth extraordinary mitigation finding was
that defendant's "only involvement was the physical reaction to her min-
istrations." This finding, as worded by the trial court, is not supported by
the evidence. The evidence showed that in addition to passively receiv-
ing fellatio, defendant requested the victim to lift her shirt and show him
her breasts.

Accordingly, we reverse and remand defendant's sentence for the
trial court to make appropriate findings as to the factors of extraordi-
nary mitigation "over and above" the findings required for the normal
statutory factors, with a focus on the quality, not quantity, of the fac-
tors. *Riley*, 202 N.C. App. at 308, 688 S.E.2d at 483. As noted above,

**STATE v. WILLIAMS**

[227 N.C. App. 209 (2013)]

extraordinary mitigation is only appropriate when the facts are "of a kind significantly greater than in the normal case." *Melvin*, 188 N.C. App. at 831, 656 S.E.2d at 703. While from the record there is certainly evidence to support a determination of extraordinary mitigation, we do not review the evidence de novo and as such the trial court must make the appropriate findings based upon the evidence in order to support its determination of extraordinary mitigation. *See Melvin*, 188 N.C. App. at 830-31, 656 S.E.2d at 703.

C. Term of Sentence

Lastly, the State contends that "the trial court erred by imposing a term of imprisonment for a duration not authorized for the defendant's class of offense and prior record level." (Original in all caps.) The State argues that

> [t]he trial court ordered Defendant to register as a sex offender, and sentenced him to a minimum 60, maximum 81 months, suspended. . . . A minimum term of 60 months falls within the presumptive range for Defendant's class of offense and prior record level. The trial court erred however in determining the maximum term. Under section 15A-1340.17(f), the maximum term should have been 72 months plus 60 additional months, or 132 months. Because Defendant's conviction was a reportable conviction, the trial court should have determined the maximum term pursuant to subsection (f).

Defendant agrees with the State that he was erroneously sentenced. As we are reversing and remanding defendant's judgment we need not address this issue, but we point it out to direct the attention of the trial court to this statutory mandate at resentencing.

IV. Conclusion

For the foregoing reasons, we reverse and remand for resentencing.

REVERSED and REMANDED for RESENTENCING.

Judges ELMORE and STEELMAN concur.