An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-619

NORTH CAROLINA COURT OF APPEALS

Filed: 20 January 2015

STATE OF NORTH CAROLINA

v.

JAMES ALLAN MORRIS

Cabarrus County
Nos. 12 CRS 54772, 13 CRS 1190

Appeal by defendant from judgment entered 8 January 2014 by Judge Christopher W. Bragg in Cabarrus County Superior Court. Heard in the Court of Appeals 15 December 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Thomas H. Moore, for the State.*
>
> *Unti & Smith, PLLC, by Sharon L. Smith for defendant-appellant.*

STEELMAN, Judge.

Where the testimony of an officer was offered to explain his subsequent actions and the trial court gave the jury a limiting instruction to that effect, the admission of the testimony was not error.

## I. Factual and Procedural Background

On 11 August 2012, Officer Anthony Vandevoorde of the Concord Police Department was on routine patrol when he stopped at the magistrate's office to retrieve some papers. As he approached the building housing the magistrate's office, he observed a white male standing on the sidewalk and watching him.

Officer Vandevoorde entered the magistrate's office, where he was approached by a bondsman. The bondsman gave Officer Vandevoorde the name and description of James Allan Morris (defendant) and told him that she was looking for defendant. Officer Vandevoorde told her he had not seen him, and then returned to his vehicle and searched for defendant on his laptop computer. When he saw defendant's Department of Motor Vehicle photo, he realized that it looked just like the man he had seen earlier on the street. Officer Vandevoorde then confirmed that there was an outstanding warrant for defendant's arrest.

Officer Vandevoorde began circling the area looking for defendant. When he observed a moped parked across the street from What-a-Burger, he recalled that the bondsman had mentioned that defendant drove a moped, and circled back to What-a-Burger. The moped was gone, but the bondsman was standing in the parking lot. Officer Vandevoorde asked the bondsman if she had any additional information about defendant, and she responded that

she had just spoken with him, and he was at Danny's, a local gas station.

Officer Vandevoorde went to Danny's and found defendant, who attempted to drive away on his moped. He drove ten or fifteen feet, when he was forced to stop by another officer who had entered Danny's parking lot. Officer Vandevoorde placed defendant under arrest. While talking with defendant, Officer Vandevoorde noticed an odor of alcohol upon his breath, and asked defendant if he had been drinking. Defendant told him he had been drinking the night before. Officer Vandevoorde observed that defendant had "glassy red eyes" and smelled like alcohol. He administered field sobriety tests to defendant, and defendant performed poorly on the tests. Officer Vandevoorde determined that defendant was impaired, arrested him for driving while impaired, and transported him to the Cabarrus County Jail. Defendant was administered an intoxilyzer which showed that he had a blood alcohol concentration of .10.

Defendant was indicted for the felony of habitual impaired driving, and for having attained the status of habitual felon. On 8 January 2014, defendant stipulated to the existence of three prior convictions for driving while impaired. A jury found defendant guilty of driving while impaired, and defendant was thus guilty of habitual impaired driving. Defendant then pled

guilty to having attained the status of an habitual felon. The trial court sentenced defendant to an active term of 90 to 120 months imprisonment.

Defendant appeals.

## II. Admission of Statements of Bondsman

In his sole argument on appeal, defendant contends that the trial court erred by admitting the statements made by the bondsman to Officer Vandevoorde. We disagree.

Officer Vandevoorde testified that the bondsman:

> asked me if I noticed a gentleman outside, gave me a brief description of him. [I] [t]old her kind of sort of, not really, didn't see that person in particularly [sic]. She gave me his name, said that she was looking for him. I retrieved my papers, went back to my patrol car. We have a laptop in our car. We can access DMV databases, NCIC, which is a national database, and we can also access all warrants in the state of North Carolina. Ran the name and date of birth, which time gave me a person. And we're also able to retrieve your DMV photos from when they take your photo when you get your license. When I pulled up the DMV photo, it looked just like the gentleman that I saw earlier standing on Church Street near Corban. Took that information, had communications check. I also checked to see if there was in fact a warrant for his arrest, and at which time it was confirmed that he did actually have a warrant for his arrest.

Defendant contends that the bondsman's conversation with Officer Vandevoorde constituted inadmissible hearsay and conveyed to the

jury that defendant was involved in another criminal matter. Defendant further asserts that the admission of this testimony was reversible error requiring a new trial.

N.C. Gen. Stat. § 8C-1, Rule 801(c) (2013) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." While hearsay is generally inadmissible, an out-of-court statement offered for some purpose other than to prove the truth of the matter asserted is admissible as non-hearsay evidence. *State v. Gainey*, 355 N.C. 73, 87, 558 S.E.2d 463, 473, *cert. denied*, 537 U.S. 896, 154 L. Ed. 2d 165 (2002). "Specifically, statements are not hearsay if they are made to explain the subsequent conduct of the person to whom the statement was directed." *Id.* "When preserved by an objection, a trial court's decision with regard to the admission of evidence alleged to be hearsay is reviewed *de novo*." *State v. Johnson*, 209 N.C. App. 682, 692, 706 S.E.2d 790, 797 (2011).

We hold that Officer Vandevoorde's testimony regarding his conversation with the bondsman was not hearsay because it was admitted solely to provide a context for the officer's subsequent course of conduct and explain why he went in search of defendant. Additionally, Officer Vandevoorde's testimony

about his conversation with the bondsman was devoid of any prejudicial information regarding the reason the bondsman was looking for defendant. Moreover, the trial court gave a limiting instruction to the jury, directing it that "any statements Officer Vandevoorde gives you concerning what the bondsman, what she told him, are not being offered for the truth of the matter asserted. They are being offered to explain what Officer Vandevoorde's actions were in response to these statements." "The law presumes that the jury heeds limiting instructions that the trial judge gives regarding the evidence." *State v. Riley*, 202 N.C. App. 299, 303, 688 S.E.2d 477, 480 (2010). Accordingly, we conclude the trial court did not err by admitting this testimony.

Defendant also contends that the challenged portions of Officer Vandevoorde's testimony were irrelevant and unfairly prejudicial under North Carolina Rules of Evidence 401 and 403, or constituted prior bad acts that should not have been admitted in accordance with Rule 404(b). However, defendant's objection at trial was not based upon irrelevancy, unfair prejudice or prior bad acts. These arguments were not preserved for appellate review, and are dismissed. N.C. Rule of Appellate Procedure 28(b)(6).

We hold that defendant received a trial free from error.

NO ERROR.

Judges ELMORE and DILLON concur.

Report per Rule 30(e).