STROUD, Judge.
Defendant appeals from a judgment entered upon his guilty plea to robbery with a dangerous weapon. Defendant contends that the trial court erred in denying his motion for extraordinary mitigation. For the following reasons, we affirm.
Because defendant pled guilty and his only argument on appeal is regarding his sentencing, we need not provide a thorough background of the underlying crime in this case. At defendant's sentencing hearing, he moved for extraordinary mitigation because he contends that the armed robbery was gang-related and that he put himself at "great personal risk" by providing the names of "the gunmen [,]" "open[ing] himself up to potential retaliation from the gang." The trial court denied defendant's request for extraordinary mitigation although it did ultimately determine the mitigating factors outweighed the aggravating factors and sentenced defendant in the mitigated range. On 21 November 2016, defendant filed a petition for writ of certiorari with this Court which was allowed.
Defendant's sole argument on appeal is that the trial court erred in denying his request for extraordinary mitigation. This Court reviews the decisions of a trial court on extraordinary mitigating factors for an abuse of discretion. State v. Melvin, 188 N.C. App. 827, 830, 656 S.E.2d 701, 703 (2008). "An abuse of discretion occurs where the trial judge's determination is manifestly unsupported by reason and is so arbitrary that it could not have been the result of a reasoned decision." State v. Reed, 355 N.C. 150, 155, 558 S.E.2d 167, 171 (2002) (citation and quotation marks omitted).
An extraordinary mitigating factor is "of a kind significantly greater than in the normal case[.]" N.C. Gen. Stat. § 15A-1340.13(g)(1) (2015). Although defendant contends that there were factors above and beyond the normal mitigating factors to warrant extraordinary mitigation, defendant failed to present any evidence at the hearing to support these factors. See N.C. Gen. Stat. § 15A-1340.16(a) (2015) ("[T]he offender bears the burden of proving by a preponderance of the evidence that a mitigating factor exists.") Defendant relied only upon statements by his trial counsel that extraordinary mitigation existed, and "[c]omments by defense counsel are not evidence and are not sufficient to carry defendant's burden of proof of mitigating factors." State v. Davis, 206 N.C. App. 545, 550, 696 S.E.2d 917, 920 (2010). Because defendant presented no evidence at his hearing, see id., to meet his burden of proving that an extraordinary mitigating factor exists, see N.C. Gen. Stat. § 15A-1340.16(a), defendant has failed to demonstrate any abuse of discretion on the part of the trial court. Reed, 355 N.C. at 155, 558 S.E.2d at 171.
AFFIRMED.
Report per Rule 30(e).
Chief Judge McGEE and Judge DILLON concur.